BURKE BRICK CO. et al. v. FIRST NAT. BANK OF CAPE GIRARDEAU, MO. BURKE BROS. v. SAME. BURKE et al. v. SAME.*

(Circuit Court of Appeals, Eighth Circuit. February 28, 1918.)

Nos. 4945–4947.

CORPORATIONS ⬤═▷487(2)—ULTRA VIRES NOTE—RIGHT TO URGE DEFENSE.

In an action by a bank on a note of a corporation indorsed by another, where it was contended that the note was ultra vires, the corporation, having received from the original and primary debtors, who used the note, full satisfaction of the amount, is not entitled to urge the defense of ultra vires.

Appeal from the District Court of the United States for the Western District of Arkansas; F. A. Youmans, Judge.

Actions by the First National Bank of Cape Girardeau, Mo., against the Burke Brick Company and M. C. Burke, against Burke Bros., a firm consisting of M. C. Burke and J. A. Burke, and against J. A. Burke and M. C. Burke, which were consolidated and transferred to the equity docket. From decrees for plaintiff, defendants appeal. Affirmed.

Joseph M. Hill, Henry L. Fitzhugh, John Brizzolara, and John H. Vaughn, all of Ft. Smith, Ark., for appellants.

James F. Read and James B. McDonough, both of Ft. Smith, Ark., and Benjamin F. Davis and Benson C. Hardesty, both of Cape Girardeau, Mo., for appellee.

Before HOOK and SMITH, Circuit Judges, and TRIEBER, District Judge.

HOOK, Circuit Judge. The First National Bank of Cape Girardeau, Mo., commenced three actions at law against the makers and the indorser of three notes—one upon a note of the Burke Brick Company, a corporation, for $6,000; another upon a note of Burke Bros., a firm composed of M. C. and James A. Burke, for $5,000; and the third upon a note of James A. Burke, for $5,000. Each note bore the indorsement of M. C. Burke. At the instance of one of the defendants, and because of the assertion of equitable defenses, the cases were transferred to the equity docket, and by stipulation were consolidated for trial. Upon final hearing the trial court decided for the plaintiff. The defendants appealed.

The defenses were that the notes were without consideration to the Brick Company, Burke Bros., and James A. Burke; that the first two were executed in the names of the company and the firm by M. C. Burke, without their knowledge or authority, and for a purpose in which they had no interest; that all of the notes were given upon an agreement with the plaintiff that the latter was to hold them temporarily to deceive a national bank examiner, who had criticized the amount of certain loans, and were then to be returned; that the note of the company was not authorized by its charter, and was therefore void.

No useful purpose will be served by reciting the evidence or by an extended discussion of it. We are of the opinion that the questions involved were purely of fact, and were correctly decided by the trial court. The efforts of defendants to bring themselves within the range of the principles of law announced in Atlantic Cotton Mills v. Indian Orchard Mills, 147 Mass. 268, 17 N. E. 496, 9 Am. St. Rep. 698, failed. The groundwork for the consideration or application of that case and others like it was not established. The only defense at all debatable was that the note of the Brick Company was ultra vires, and it is sufficient to say of it that the evidence showed that the company received from the original and primary debtors who used the note full satisfaction of the amount. It was compensated and stood to lose nothing. The situation was as if it had purchased the property turned over to it, and paid therefor with its note transferred to the plaintiff. It is in no position to urge a want of corporate power.

The decrees are affirmed.